NOTICE
Decision filed 08/21/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241052-U

NO. 5-24-1052

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JOSHUA KRUGER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 22-MX-360 |
| | ) | |
| MINDI NURSE, in Her Official Capacity as Warden, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the trial court's dismissal of the plaintiff's *habeas corpus* petition where the plaintiff's claims regarding jurisdiction and double jeopardy are barred by collateral estoppel.

¶ 2    On October 22, 2022, plaintiff, Joshua Kruger, filed a *pro se* petition for writ of *habeas corpus*. The trial court dismissed the petition as barred by collateral estoppel on April 25, 2024. Plaintiff now appeals from the dismissal of his *habeas corpus* petition. For the reasons explained below, we affirm the judgment of the trial court.

¶ 3                                            I. BACKGROUND

¶ 4    In 1999, plaintiff was indicted on seven counts of first degree murder, two counts of home invasion, two counts of residential burglary, and one count of attempted robbery. The trial court granted plaintiff's motion *in limine* to suppress certain evidence, and the State orally tendered a

1

notice of appeal. The trial court rejected the notice as untimely, and proceeded to trial. The State declined to participate in the trial while it pursued an interlocutory appeal from the trial court's ruling on the motion to suppress. At bench trial, because the State presented no evidence, the trial court entered a directed verdict of not guilty.

¶ 5    On interlocutory appeal, plaintiff argued that the appellate court lacked jurisdiction over the State's untimely appeal. *People v. Kruger*, 327 Ill. App. 3d 839, 843 (2002) (*Kruger I*). We rejected this argument, and proceeded in a review on the merits. *Id.* We found that the State's notice of appeal was timely, and thus deprived the trial court of jurisdiction. *Id.* Therefore, the judgment of not guilty was void. *Id.* We vacated the trial court's judgment, reversed its order granting plaintiff's motion *in limine* and its order denying the State's subsequent oral motion to reconsider, and remanded for a new trial. *Id.* at 845.

¶ 6    Between the issuance of the decision and the mandate in *Kruger I*, the State filed a new indictment, which added several new counts to the original charges. After the mandate was issued and the case was remanded, the trial court held a new trial, at which a jury found plaintiff guilty on all counts. Plaintiff appealed, arguing that the trial court lacked jurisdiction to proceed to trial because the second indictment was filed before we issued our mandate in *Kruger I. People v. Kruger*, 363 Ill. App. 3d 1113, 1119 (2006) (*Kruger II*). We rejected this argument and affirmed his convictions. *Id.* at 1124 (affirming trial court's judgment as modified and remanding with directions to correct the written judgment).

¶ 7    In November 2006, plaintiff filed a postconviction petition, which the trial court dismissed. On appeal, we affirmed in part and vacated in part. *People v. Kruger*, 2012 IL App (4th) 100866-U, ¶ 21 (*Kruger III*). In January 2017, plaintiff sought leave to file a successive postconviction petition. The trial court denied leave, and plaintiff appealed. On appeal, he argued that (1) the

2

appellate court lacked jurisdiction over the State's interlocutory appeal, so its *Kruger I* ruling vacating the trial court's judgment of acquittal was void, and (2) his retrial on remand violated double jeopardy. *People v. Kruger*, 2018 IL App (4th) 170306-U, ¶ 2 (*Kruger IV*).

¶ 8 We affirmed the trial court's denial of leave to file a successive postconviction petition. *Id.* ¶¶ 24-25. We also reaffirmed our holding in *Kruger I* that we had jurisdiction over the State's interlocutory appeal, and further held that the law-of-the-case doctrine precluded plaintiff from "taking two bites out of the same apple" by repeatedly raising this jurisdictional challenge. (Internal quotation marks omitted.) *Id.* ¶¶ 20, 24.

¶ 9 In May 2022, plaintiff sought leave to file a petition for writ of *habeas corpus* or *mandamus* in the supreme court, again arguing that the appellate court lacked jurisdiction over the State's interlocutory appeal and that his conviction on remand violated double jeopardy. The supreme court denied his request.

¶ 10 In August 2023, plaintiff filed the *habeas corpus* petition at issue in this appeal. In it, he repeated his arguments that the trial court lacked jurisdiction over the second indictment and that his convictions on remand violated double jeopardy. The State filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)), on the basis that the claims were barred by collateral estoppel. At the hearing on his petition, plaintiff admitted that he had raised his claims before, stating, "Counsel keeps saying I'm raising this, I've raised this, I've raised this, and he's right, I have, and I'm going to keep raising it until I get a ruling on the merits."

¶ 11 The trial court granted the State's motion and dismissed the complaint with prejudice on the grounds that plaintiff's claims were barred by collateral estoppel. Regarding the double jeopardy claim, the court explained that while we did not reach the merits of this argument,

plaintiff's acquittal following his first trial was void, as per our holding in *Kruger I*. As he was never acquitted, double jeopardy did not apply. The trial court also stated in its order that it "finds any further complaints about Jurisdiction or Double Jeopardy to be Frivolous." Plaintiff filed a motion to reconsider, which the trial court denied, and this appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13     Before addressing the arguments on appeal, we note that plaintiff failed to file a timely reply brief, and has motioned for leave to file a late reply *instanter*. We grant that motion, and consider his reply in our analysis.

¶ 14     The doctrine of collateral estoppel " 'bars relitigation of an issue already decided in a prior case.' " *In re A.W.*, 231 Ill. 2d 92, 99 (2008) (quoting *People v. Tenner*, 206 Ill. 2d 381, 396 (2002)). Collateral estoppel applies where the following three requirements are met:

> "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 216 Ill. 2d 23, 38 (2005).

Additionally, for the purposes of this doctrine, finality requires that the potential for appellate review has been exhausted. *In re A.W.*, 231 Ill. 2d at 100. The applicability of collateral estoppel presents a question of law, which we review *de novo*. *Id.* at 99.

¶ 15     On appeal, plaintiff raises two arguments, both of which have previously come before this court. The first is that the trial court lacked personal jurisdiction over him to proceed on the second indictment filed while the State's interlocutory appeal was pending. The second is that this court lacked jurisdiction over the interlocutory appeal because the trial court's order from which the appeal arose was void, as it was a ruling on an untimely motion.

¶ 16     Plaintiff also briefly addresses the issue of why collateral estoppel should not bar his *habeas* petition. He contends that because the trial court lacked jurisdiction when it entered its

4

judgment following trial on the second indictment, that order was void and thus, collateral estoppel does not apply. He does not deny that he has previously raised the arguments in his *habeas* petition, nor could he, as he admitted to doing so before the trial court at the hearing on the State's motion to dismiss. Therefore, we take his argument on appeal to be that the trial court improperly determined that collateral estoppel barred his claims challenging a void order.

¶ 17    As we discussed above, plaintiff previously argued that the trial court lacked jurisdiction to proceed on the second indictment on direct appeal in *Kruger II*. His argument there is identical to the one raised in his *habeas* complaint, and the parties in both cases are plaintiff and the State.[1] In *Kruger II*, we issued a ruling on the merits. *Kruger II*, 363 Ill. App. 3d at 1124. Our supreme court denied plaintiff leave to appeal, making this a final judgment. *People v. Kruger*, 219 Ill. 2d 582 (2006). Thus, all of the requirements are met for collateral estoppel to bar this claim. Additionally, because this court has previously determined that the trial court did have jurisdiction over the proceedings on the second indictment, and we further affirmed plaintiff's convictions, plaintiff's voidness argument lacks merit. Consequently, we find that the trial court correctly determined that collateral estoppel bars his jurisdictional challenge to his second trial.

¶ 18    Regarding his double jeopardy argument, as the trial court noted, we did not rule on the merits of this claim when we addressed this argument in *Kruger IV*. *Kruger IV*, 2018 IL App (4th) 170306-U, ¶ 25 (explaining that we do not reach the merits of the double jeopardy argument because plaintiff's successive postconviction petition did not satisfy the requirements of the Post-Conviction Hearing Act). However, in *Kruger I*, we vacated the judgment of not guilty in

---

[1]More specifically, as the present appeal arises from a *habeas corpus* action, the defendant is the warden of Pontiac Correctional Center. However, the defendant here shares the same legal interests as the State did in plaintiff's underlying criminal case. See *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296 (1992) ("It is the identity of interest that controls in determining privity, not the nominal identity of the parties."). Therefore, the third element of collateral estoppel is satisfied here.

plaintiff's original trial, finding that the State's notice of interlocutory appeal was timely and thus, deprived the trial court of jurisdiction to enter its directed verdict of acquittal. *Kruger I*, 327 Ill. App. 3d at 843.

¶ 19    Because plaintiff's acquittal was void, the prohibition against double jeopardy is not implicated in his subsequent convictions. See *People v. McCavitt*, 2021 IL 125550, ¶ 75 (prohibition against double jeopardy protects defendant from, *inter alia*, prosecution for the same offense after acquittal). Plaintiff's double jeopardy claim relies on the existence of a valid acquittal order from his original bench trial, where the State did not present evidence and the trial court granted plaintiff's (then-defendant's) motion for a directed verdict of not guilty. We have previously determined that this order was void. Plaintiff is thus estopped from reraising this issue. Therefore, the trial court correctly rejected his double jeopardy claim based on collateral estoppel.

¶ 20                                III. CONCLUSION

¶ 21    For the foregoing reasons, the plaintiff's claims regarding jurisdiction and double jeopardy have previously come before this court and are thus, barred by collateral estoppel. Accordingly, we affirm the judgment of the trial court of Vermilion County.

¶ 22    Affirmed.